UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DURIELL JAMES SIDERS, | ) |
| | ) CASE NO. C09-1799-JLR-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER RE: MOTION TO AMEND |
| | ) AND MOTION TO DISMISS |
| OFFICER D. PASCO, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff proceeds *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights case. He identifies Correctional Officers D. Pasco, Negron, and V. Stowers as defendants, and avers that, on December 11, 2009, Pasco and Negron attacked and assaulted him and that Stowers observed the assault and failed to intervene. (Dkt. 8.) Given that plaintiff was facing a charge of Assault in the Second Degree in King County Superior Court based on the exact same incident challenged in this case, *see State v. Siders*, No. C09-1-07612-6 SEA, the Court stayed the action under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. 15.)

There are now two motions pending in this case. Plaintiff filed a motion to amend his

ORDER RE: MOTION TO AMEND AND MOTION TO DISMISS
PAGE -1

complaint. (Dkt. 21.) Defendants thereafter filed a motion to lift the stay and dismiss this case pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), based on the fact that plaintiff plead guilty to Assault in the Third Degree in the above-described King County Superior Court case. (Dkt. 23.) The Court now considers both of these motions.

The Court stayed this action pending notification from the parties that plaintiff's criminal proceedings had been fully resolved in the state courts. (Dkt. 15.) Defendants have notified the Court that, as of September 7, 2010, the state criminal proceedings relevant to this action have been resolved as a result of plaintiff's sentencing and the entry of a judgment. (Dkt. 23 at 1-2 and Dkt. 24, Ex. 2.)

Plaintiff seeks to amend his complaint to add new information/facts with regard to the December 11, 2009 incident at issue in this case and to add a claim of retaliation. (Dkt. 21.) He did not, however, submit the proposed amended complaint along with his motion.

Defendants did not respond to the motion to amend and, instead, seek dismissal of plaintiff's claims based on the fact that plaintiff entered a guilty plea in the state criminal proceeding in which he conceded he intentionally assaulted defendant Negron on December 11, 2009. (Dkt. 24, Ex. 1 at 10.) Defendants argue that plaintiff's case may not proceed given that a ruling in plaintiff's favor would imply the invalidity of his conviction. *Heck*, 512 U.S. at 486-87 (where a § 1983 action implies the invalidity of a criminal conviction or sentence, the action may not proceed unless plaintiff first succeeds in overturning the underlying conviction or sentence through direct appeal or a post-conviction type of proceeding).

Having considered the pending motions, the Court finds and concludes as follows:

(1) Given that the state court matter relevant to this proceeding has concluded, the

Court finds defendants' request to lift the stay appropriate.  Defendants' pending motion (Dkt. 23) is, therefore, GRANTED in part and the stay lifted.   However, in light of plaintiff's motion to amend, the Court finds that a ruling on defendants' motion to dismiss would be premature at this time.   Accordingly, the Court hereby RENOTES defendants' motion to dismiss (Dkt. 23) as indicated below.

(2) Federal Rule of Civil Procedure 15 provides that "leave [to amend a pleading] shall be freely given when justice so requires."  Fed. R. Civ. P. 15 (a).  Leave to amend may be denied where there is undue delay, bad faith or dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile.  See *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In this case, because plaintiff did not submit a proposed amended complaint along with his motion to amend, it is not clear whether leave to amend should be granted in this case. To the extent plaintiff intends to pursue claims regarding the December 11, 2009 incident, his motion to amend would likely be futile as subject to dismissal under *Heck,* 512 U.S. at 486-87. However, plaintiff also indicates in his motion his intention to pursue a claim of retaliation. The Court, therefore, finds it appropriate to consider plaintiff's proposed amended complaint. Plaintiff may submit his proposed amended complaint on or before **November 17, 2010**.   In so doing, plaintiff should include only claims not barred under *Heck*.  Defendants shall submit a response to the motion to amend and proposed amended complaint on or before **November 24, 2010**, and plaintiff may submit a reply on or before **December 3, 2010**.   Plaintiff's motion to amend and defendants' motion to dismiss are RENOTED for consideration on **December 3, 2010**.

(3) The Clerk is directed to send copies of this Order to plaintiff, to counsel for

01 defendants, and to the Honorable James L. Robart.

02     DATED this <u>27th</u> day of October, 2010.

03

04                                                           /s/ Mary Alice Theiler

05                                                           Mary Alice Theiler
United States Magistrate Judge

06

07

08

09

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER RE: MOTION TO AMEND AND MOTION TO DISMISS
PAGE -4